UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WASHTENAW MORTGAGE CO., | Case No. 06-13337 |
| Plaintiff, | DISTRICT JUDGE<br>ARTHUR J. TARNOW |
| v. | |
| FREEDOM MORTGAGE CORP., | MAGISTRATE JUDGE<br>VIRGINIA M. MORGAN |
| Defendant. | |

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DE 27] IN PART

Before the Court is Plaintiff's motion for summary judgment [DE 27], which the Court granted in part in a July 25, 2007 Order. To address the remaining part, the Court held an evidentiary hearing on November 14, 2007. The Court has reviewed the pleadings, the evidentiary hearing testimony, exhibits, and arguments. For the reasons stated below, Plaintiff's motion is granted in further part, and Defendant is ordered to pay Plaintiff $620,938.25.

This contractual dispute arose over Defendant's failure to pay for loan servicing rights it purchased from Plaintiff. At the hearing, evidence was introduced as to the outstanding sums each party believed it was due. Other sums were disputed both as to their amount and whether they were due the other party. The undisputed sums were

| | |
|---|---|
| $1,784,537.81 | Adjusted purchase price, or beginning balance. |
| - 1,000,000.00 | Amount Defendant paid Plaintiff pursuant to the Court's July 25, 2007, Order. |
| - 275,427.00 | Amount of "Holdback" Defendant was permitted to retain. |

| - 55,385.25 | FNMA "out of pocket" losses incurred by Defendant. |
|---|---|
| $453,725.56 | Undisputed TOTAL amount contractually due Plaintiff (before consideration of disputed requests for additions and set-offs) |

Plaintiff requests additions for attorney fees and related expenses, and interest. First, the Court finds that Plaintiff is the "prevailing party" in this action to enforce Plaintiff's rights under the Agreement. Pursuant to section 9.04 of the parties' Purchase and Sale Agreement, Plaintiff is to be awarded attorney fees and costs. Therefore, the amounts of $73,055.00, for attorney fees, and $2,815.99, for related costs, are additionally due Plaintiff.

Plaintiff is due pre-judgment interest under New Jersey law. *See Rova Farms Resort, Inc. v. Investors Ins. Co. of America*, 65 N.J. 474, 506, 323 A.2d 495, 512 (1974) ("[P]rejudgment interest has been regarded by our courts as compensatory–to indemnify the plaintiff for the loss of what the monies due him would presumably have earned if payment had not been refused."). Plaintiff's interest calculation is reduced, however, by 28 per cent, corresponding to the portion of "trailing documents" Plaintiff failed to deliver to Defendant until after this Court's July 2008 Order. The Plaintiff is awarded $91,744.70 in interest, as well as $46.99 per diem interest from November 14, 2007 until the date of payment. Again, Plaintiff's requested per diem interest rate is reduced by 28 per cent.

Defendant failed to prove it was owed set-offs amounts corresponding to MERS registration fees and loss of sale proceeds. As to the latter item, it is noted that Defendant attributes that loss to Plaintiff's failure to provide mortgage documents. However, the holdback provision of the contract served to compensate Defendant for Plaintiff's failure to provide trailing documents. Accordingly, Defendant is not due additional compensation for that failure.

Finally, Plaintiff's witness testified that he did not dispute the $403 in recording fees Defendant requested. That amount is therefore reflected in the final sum Defendant owes Plaintiff. For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant is to pay $620,938.25 to Plaintiff within thirty (30) days of this order.

IT IS FURTHER ORDERED that Defendant is to pay Plaintiff $46.99 per diem interest from November 14, 2007 until the date of payment.

SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: February 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager