UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WASHTENAW MORTGAGE CO., | Case No. 06-13337 |
| Plaintiff, | DISTRICT JUDGE<br>ARTHUR J. TARNOW |
| v. | |
| FREEDOM MORTGAGE CORP., | MAGISTRATE JUDGE<br>VIRGINIA M. MORGAN |
| Defendant. | |

_____/

## **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR STAY PENDING APPEAL [DE 51]**

Before the Court is Defendant's Motion for Stay Pending Appeal [DE 51], to which Plaintiff has responded. The Court finds that the facts and legal arguments are adequately presented in the motions and supporting briefs, and that oral argument would not significantly aid the decision process. Therefore, pursuant to Eastern District of Michigan Local Rule LR 7.1(e)(2), Defendant's motion will be decided on the briefs and without oral argument.

Defendant requests a stay on the execution of judgment pending appeal, pursuant to Federal Rule of Civil Procedure 62, which states

> (d) Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2) [inapplicable here]. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62.

Defendant requests such stay be granted without requiring it to post a bond. However, an appellant's right to a stay pending appeal is

> expressly contingent upon the posting of a court approved supersedeas bond. Thus, "Rule 62 establishes the general rule that losing parties in the district court can obtain a stay pending appeal *only* by giving a supersedeas bond."

*Hamlin v. Charter Tp. of Flint*, 181 F.R.D. 348, 351 (E.D.Mich. 1998) (Rosen, J.) (emphasis added) (quoting *Enserch Corp. v. Shand Morahan and Co.*, 918 F.2d 462 (5th Cir.1990)).

Alternatively, Defendant states that it is prepared to submit a supersedeas bond of $700,000. As that amount is roughly equivalent to the sum of the judgment ($620,938), two years of per diem interest at $46.99, plus Plaintiff's requested $50,000 for attorney costs of the appeal, the Court finds that the amount of $700,000 is appropriate for this bond.

Defendant also requests relief pursuant to Federal Rule of Civil Procedure 57, which provides the procedural requirements to invoke 28 U.S.C. § 2201, Declaratory Judgment. Defendant seeks an Order from the Court requiring Plaintiff to execute a general power of attorney on Defendant's behalf, as to a number of mortgage documents which were the subject of the parties' disputed Agreement.

However, "[t]he Declaratory Judgment Act is not an independent grant of federal jurisdiction. It does not create subject matter jurisdiction where none otherwise exists." *King v. Sloane*, 545 F.2d 7, 8 (6th Cir. 1976).

Here, the court no longer has jurisdiction, because Defendant has filed its notice of appeal. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). When a party files notice, "at that point the appellate court assumes jurisdiction over the matter." *Id.* (citing *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir.1993)). A few exceptions exist: "the district court retains jurisdiction when the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Id.* However, none of the exceptions apply here. Accordingly, the Court lacks jurisdiction to address Defendant's request for declaratory judgment.

Therefore,

IT IS HEREBY ORDERED THAT Defendant's Motion to Stay Enforcement of Judgment Pending Appeal [DE 51] is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED THAT this Court stays the judgment upon appeal on the condition that Defendant posts a supersedeas bond in the amount of $700,000.

IT IS FURTHER ORDERED that Defendant's request for relief pursuant to Federal Rule of Civil Procedure 57 is DENIED.

SO ORDERED.


                              S/ARTHUR J. TARNOW
                              Arthur J. Tarnow
                              United States District Judge

Dated: May 19, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 19, 2008, by electronic and/or ordinary mail.

                              S/THERESA E. TAYLOR
                              Case Manager